# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| NEOPLAN USA CORPORATION, *et al.* | : | Case No. 06-10872 (BLS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Objection Deadline:** _____ |
| | : | **Hearing Date: October 25, 2006 @ 1:00 pm** |
| | : | **(Only If Timely Objections Are Filed)** |

**AFFIDAVIT OF BRENT WILLIAMS IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY CHANIN CAPITAL PARTNERS *NUNC PRO TUNC* TO SEPTEMBER 6, 2006, AS FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

State of New York   )
                    )  ss:
County of New York  )

I, Brent Williams, being duly sworn, depose and say:

1. I am a Managing Director at Chanin Capital Partners ("Chanin"), a professional service firm engaged in the business of providing financial advisory and related professional consulting services. I submit this affidavit on behalf of Chanin in support of the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") of Neoplan USA Corporation and certain of its subsidiaries and affiliates and debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for entry of an order pursuant to sections 328 and 1103(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Bankruptcy Rules"), authorizing the retention and employment of Chanin, as financial

---
[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

#8055805 v2

advisors to the Committee *nunc pro tunc* to September 6, 2006. I have personal knowledge of the matters set forth herein, and if called as a witness, would testify competently thereto.

## QUALIFICATIONS OF PROFESSIONALS

2. The Committee has selected Chanin as its financial advisors because of the firm's diverse experience and extensive knowledge in the field of bankruptcy.

3. The Committee believes that Chanin is well qualified and uniquely able to provide financial advisory services to it in these cases in an efficient manner. Moreover, Chanin has advised debtors and creditors committees in numerous restructuring transactions, including some of the largest and most complicated cases. Some of Chanin's more prominent recent creditor committee representations were in the following chapter 11 cases:

> ATX Communications, Inc.
>
> Birch Telecom, Inc.
>
> Citation Corporation
>
> Cable & Wireless USA, Inc.
>
> Converse, Inc.
>
> Covad Communications Group, Inc.
>
> Focal Communications Corporation
>
> McLeodUSA Incorporated
>
> Stone & Webster, Inc.

4. The Committee needs assistance in collecting and analyzing financial and other information in relation to these Chapter 11 cases. Chanin has considerable experience with rendering such services to committees and other parties in numerous Chapter 11 cases. As such, Chanin is qualified to perform the work required in these cases.

## SERVICES TO BE RENDERED

5. The Committee anticipates that Chanin may render the following services in these cases:

(i) Review and analyze the Debtor's operations, financial condition, business plan, strategy, and operating forecasts;

(ii) Analyze any merger, divestiture, joint-venture, or investment transaction;

(iii) Assist in the determination of an appropriate capital structure for the Debtors;

(iv) Assist the Committee in developing, evaluating, structuring and negotiating the terms and conditions of a restructuring or Plan of Reorganization ("Plan"), including the value of the securities, if any, that may be issued to the Committee under any such restructuring or Plan;

(v) Prepare of enterprise, asset and liquidation valuations;

(vi) Provide testimony, as necessary, before the bankruptcy court; and

(vii) Provide the Committee with other appropriate general restructuring advice and litigation support.

6. Subject to this Court's approval of the Application, Chanin is willing to serve as the Committee's financial advisors and to perform the services described above.

### DISINTERESTEDNESS OF PROFESSIONALS

7. Based upon the information supplied by Committee counsel, Chanin searched its records to identify any connections or relationships with the following entities:

a. The Debtors and their affiliates;

b. The Debtors' officers and directors;

c. The Debtors' major secured creditors

d. The Debtors' largest twenty unsecured creditors

e. All members of the Committee

f. Counsel to the Committee

g. Counsel to the Debtors

h. Certain other parties-in-interest

#8055805 v2

8. Based on the database search described above, Chanin does not represent any other entity having an adverse interest in connection with these cases, and does not represent or hold an interest adverse to the interests of the estates with respect to the matter on which Chanin will be employed, in accordance with Section 328(c) and 1103(b) of the Bankruptcy Code.

9. Chanin is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, given that, to the best of my information and belief, Chanin:

    a. is not a creditor, equity security holder or insider of any of the Debtors;

    b. is not and was not an investment banker for any outstanding security of the Debtors;

    c. has not been within three years before commencement of these Chapter 11 cases, an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of a security of the Debtors;

    d. is not and was not, within two years before the commencement of these Chapter 11 cases, a director, officer or employee of the Debtors or of an investment banker specified in (b) or (c) above; and

    e. does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker specified in (b) or (c) above, or for any other reason.

10. To the best of my knowledge and except as set forth on Exhibit A attached hereto, (a) Chanin has no connections with the Debtors, creditors, and any other party-in-interest, or their respective attorneys and accountants; and (b) the Chanin professionals working on this matter

are not relatives of the United States Trustee of the District of Delaware or of any known employee in the office thereof, or any United States Bankruptcy Judge of the District of Delaware.

11. Chanin has in the past been retained by, and presently and likely in the future will provide services for certain creditors of the Debtors, other parties-in-interest and their respective attorneys and accountants in matters unrelated to such parties' claims against the Debtors or interests in these Chapter 11 cases. Chanin has had relationships with the entities listed on Exhibit A.

12. As part of its practice, Chanin appears in many cases, proceedings and transactions involving many different law firms, financial consultants and investment bankers in matters unrelated to this bankruptcy. Chanin has not identified any material relationships or connections with any law firm, financial consultant or investment banker involved in these Chapter 11 cases that would cause it to be adverse to the Debtors, the Debtors' estates, any creditor or any other party-in-interest or that would otherwise affect Chanin's judgment or ability to perform services for the Committee.

13. Chanin has not provided, and will not provide, any professional services to the Debtors, any of the creditors, other parties-in-interest or their respective attorneys and accountants with regard to any matter related to these Chapter 11 cases.

## **PROFESSIONAL COMPENSATION**

14. In accordance with Section 504 of the Bankruptcy Code, I hereby state that there is no agreement or understanding between Chanin and any other entity for the sharing of compensation received or to be received for services rendered in connection with these cases. These cases are likely to raise complex issues and the Committee will require financial advisors with extensive experience in insolvency and bankruptcy cases.

15. Chanin intends to apply to the Court for the reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules

-5-

#8055805 v2

and the Local Bankruptcy Rules. Chanin has agreed to accept as compensation such sums as may be allowed by the Court. Chanin understands that interim awards are subject to final approval by this Court.

16. The flat monthly rate of $50,000 to be charged to the Committee is set at a level designed to fairly compensate Chanin for the work of its professionals and paraprofessionals. It is Chanin's policy to charge its clients in all areas of practice for all other expenses incurred in connection with each client's engagement. The expenses charged to clients include, but are not limited to, reasonable travel expenses, computer and research charges, reasonable attorney fees[2] (provided that such attorney fees shall not exceed $25,000 without the Committee's prior consent; provided that no prior consent shall be required in connection with legal fees incurred by Chanin in connection with objections to Chanin's retention, or in the prosecution of interim and final fee applications before the Bankruptcy Court) messenger services, and long distance telephone calls incurred by Chanin in connection with the services to be provided to the Committee. Chanin will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to Chanin's bankruptcy and non-bankruptcy clients in a manner consistent with the Local Bankruptcy Rules for the District of Delaware.

17. Chanin, like other investment banking firms, is not the general practice of maintaining detailed time records similar to those customarily kept by attorneys. Chanin's restructuring professionals do as a practice, and in the Debtors' cases will as a practice, keep time records detailing and describing their daily activities, the identity of persons who performed such tasks and the amount of time expended on a daily basis. Further, Chanin's restructuring personnel do

---

[2] All fees and expenses incurred by any attorney for Chanin shall be subject to a reasonableness review by the Bankruptcy Court, including whether such fees were necessary in view of the existence of counsel for the Committee.

not maintain their time records on a "project category" basis. Due to the aforementioned, Chanin requests a waiver of certain requirements under Del.Bankr. LR 2016-2.

18. This affidavit is provided in accordance with Section 328(c) and 1103(b) of the Bankruptcy Code and Bankruptcy Rule 2014.

19. I have read the Application, and to the best of my knowledge, information and belief, the contents of said Application are true and correct.

Brent Williams

SWORN TO AND SUBSCRIBED before me, a notary public for the State and County aforesaid, this 28th day of September 2006.

Elizabeth Raju
Notary Public
My Commission Expires: August 21, 2010

ELIZABETH RAJU
Notary Public, State of New York
No. 01RA6046900
Qualified in New York County
Commission Expires August 21, ~~2006~~ 2010



# EXHIBIT A

| PARTY IN INTEREST | RELATIONSHIP TO CHANIN |
|---|---|
| Merrill Lynch Business Financial Services, Inc. | Member of committee, adverse party, or party in interest in wholly unrelated matter for which Chanin acted as financial advisor or investment banker. |
| ING Prime Trust | Member of committee, adverse party, or party in interest in wholly unrelated matter for which Chanin acted as financial advisor or investment banker. |
| ING Senior Income Fund | Member of committee, adverse party, or party in interest in wholly unrelated matter for which Chanin acted as financial advisor or investment banker. |
| Richards Layton & Finger | Working (or worked) with or against on other engagements in wholly unrelated matters. |
| Bank of New York | Member of committee, adverse party, or party in interest in wholly unrelated matter for which Chanin acted as financial advisor or investment banker. |
| Office of the U.S. Trustee | Working (or worked) with or against on other engagements in wholly unrelated matters. |
| Bifferato, Gentilotti, Biden & Balick LLC | Working (or worked) with or against on other engagements in wholly unrelated matters. |
| Cummins Inc. | Member of committee, adverse party, or party in interest in wholly unrelated matter for which Chanin acted as financial advisor or investment banker. |
| Cummins Mercruiser Diesel Marine LLC | Member of committee, adverse party, or party in interest in wholly unrelated matter for which Chanin acted as financial advisor or investment banker. |
| Kaye Scholer LLP | Working (or worked) with or against on other engagements in wholly unrelated matters. |
| Kirkland & Ellis | Working (or worked) with or against on other engagements in wholly unrelated matters. |
| Cummins Natural Gas Engine Inc. | Member of committee, adverse party, or party in interest in wholly unrelated matter for which Chanin acted as financial advisor or investment banker. |

| Foley & Lardner LLP | Working (or worked) with or against on other engagements in wholly unrelated matters. |
| --- | --- |
| Cummins Americas Inc. | Member of committee, adverse party, or party in interest in wholly unrelated matter for which Chanin acted as financial advisor or investment banker. |
| Cummins Business Services | Member of committee, adverse party, or party in interest in wholly unrelated matter for which Chanin acted as financial advisor or investment banker. |
| Cummins Komatsu Engine Company | Member of committee, adverse party, or party in interest in wholly unrelated matter for which Chanin acted as financial advisor or investment banker. |

#8055805 v2